LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Linda Carol Owens

  v.

Courtesy Motors, Inc.

     February 3, 1971

By JUDGE A. CHRISTIAN COMPTON

  Enclosed you will find a copy of the order entered today overruling the defendant's "motion to strike" paragraph 2 of the Motion for Judgment.

  The defendant asserts that the plaintiff may not rely upon any alleged false representations that the vehicle purchased was new inasmuch as she executed at the time of purchase a writing headed "Sales Order For Used Cars," even assuming she did not read the writing before she signed it. This argument is without merit since the plaintiff alleges in the aforesaid paragraph of her Motion for Judgment that the sale of the motor vehicle was "produced and procured" by the defendant's fraud upon the plaintiff.

  Generally, one who had full opportunity to read a contract, but did not avail himself of that opportunity, is negligent in failing to read it and this failure will not affect his liability thereunder. But this rule applies only in the absence of fraud. State Farm Mut. Ins. Co. v. Miller, 194 Va. 589, 595 (1953); Ashby v. Dumouchelle, 185 Va. 724, 733 (1946); 17 Am. Jur. 2d, Contracts, § 149, pp. 497, 498, 499 and 500; Williston, Contracts (3d ed.) §§ 35, 90A. Moreover,

the law of fraud supplements the provisions of the Uniform Commercial Code. Code § 8.1-103.

Therefore, in view of her allegations aforesaid, the plaintiff should not be precluded from offering evidence in support thereof, even if she signed the writing but failed to read it.